# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALINA RUELAS, | Case No. 1:23-cv-00742-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| CITY OF SANGER, et al., | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| Defendants. | |
| | ORDER DIRECTING CLERK OF COURT TO GRANT REQUEST FOR ISSUANCE OF SUMMONS |
| | (ECF Nos. 6, 8, 9, 10) |
| | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## INTRODUCTION

Currently before the Court is Defendants City of Sanger and the Sanger Police Department's motion to dismiss this action brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 6.)

Following amendment of the Local Rules effective March 1, 2022, a certain percentage of civil cases shall be directly assigned to a Magistrate Judge only, with consent or declination of consent forms due within 90 days from the date of filing of the action.  L.R. App. A(m)(1).  This action has been directly assigned to a Magistrate Judge only.  Not all parties have appeared or

1

filed consent or declination of consent forms in this action yet.   Pursuant to 28 U.S.C. §
636(b)(1)(B), Local Rule 302(c)(7), and Local Rule Appendix A, subsection (m), the Court shall
direct the Clerk of the Court to assign a District Judge to this action and the Court shall issue
findings and recommendations as to the pending motion to dismiss.

Based on the moving, opposition and reply papers, the hearing held on July 19, 2023, the
Plaintiff's nonappearance at the hearing, as well as the Court's record, for the reasons explained
herein, the Court recommends Defendants' motion to dismiss be granted with leave to amend.

## II.

## BACKGROUND

On March 27, 2023, Plaintiff filed this action in the Superior Court of the State of
California, County of Fresno, Case No. 23CECG01152.  (ECF No. 1.)  The action was removed
to the Eastern District of California on May 12, 2023.  (Id.)

Plaintiff names the following Defendants: (1) City of Sanger; (2) Sanger Police
Department; and (3) J. Deshwan Torrence ("Torrence").  Plaintiff alleges that Torrence sexually
assaulted multiple victims from beginning in or before August 2017, to July 2021, while engaged
or purporting to be engaged in his official duties as an officer of the Sanger Police Department.
(Compl. ¶ 7.)  Plaintiff alleges that under color of law, and with no legitimate law enforcement
purpose, Torrence made sexual demands upon and coerced multiple women to engage in
nonconsensual sexual activities, including groping and fondling of intimate body parts and oral
copulation.  (Id.)  Plaintiff alleges that Torrence intentionally deprived each of these victims of
their fundamental right to bodily integrity, including in violation of the Fourth and Fourteenth
Amendments of the United States Constitution.

Plaintiff specifically alleges that on multiple occasions between September of 2020 and
May 2021, Torrence made sexual demands upon and sexually assaulted Plaintiff, including by
groping her breasts and body parts and forcing her to orally copulate Torrence, without consent.
(Compl. ¶ 8.)  Plaintiff alleges that Torrence coerced Plaintiff by threatening physical violence
and loss of her children if she refused or reported him, and promised favorable intervention in a
child custody matter if she submitted.

Plaintiff further alleges that Defendants City of Sanger and Sanger Police Department failed to promptly investigate complaints of Torrence's misconduct, failed to properly discipline Torrence and others, allowed a custom and practice of sexual assaults to occur, and allowed Torrence's misconduct to occur and continue by failing to investigate and discipline previous complaints of sexual assault and misconduct against other officers and against Torrence. (Compl. ¶ 9.)

Plaintiff brings the following claims: (1) federal civil rights violations pursuant to 42 U.S.C. § 1983, for violations of the Fourth Amendment and Fourteenth Amendment, against all Defendants; (2) violation of the Tom Bane Civil Rights Act, California Civil Code § 52.1, against Defendant Torrence; (3) violation of the Ralph Unruh Civil Rights Act, Civil Code § 51.7, against Defendant Torrence; (4) sexual battery, Civil Code § 1708.5, against Defendant Torrence; (5) false imprisonment, Penal Code § 834, against Defendant Torrence; (6) gender violence, Civil Code § 52.4, against Defendant Torrence; and (7) intentional infliction of emotional distress, against Defendant Torrence.  The second through sixth causes of action also name "doe" defendants, however, the first and seventh causes of action do not.

On May 15, 2023, Defendants City of Sanger and the Sanger Police Department (hereinafter the "Moving Defendants"), filed a motion to dismiss this action.  (Defs.' Mot. Dismiss ("Mot."), ECF No. 6.)  On June 5, 2023, Plaintiff filed an opposition to the motion to dismiss.  (Pl.'s Opp'n Mot. ("Opp'n"), ECF No. 8.)  On June 5, 2023, the Moving Defendants filed a reply to the opposition.  (Defs.' Reply ("Reply"), ECF No. 9.)

On June 20, 2023, Plaintiff filed a request for the issuance of a summons for Defendant Torrence, who has apparently not been served in this action.  (ECF No. 10.)

The Court held a hearing on the matter on July 19, 2023.  (ECF No. 12.)  No appearances were made on behalf of Plaintiff.  Bruce Praet appeared on behalf of the Moving Defendants, City of Sanger and Sanger Police Department.

/ / /

/ / /

/ / /

3

### III.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief.  Starr, 652 F.3d at 1216.  "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

# IV.

## DISCUSSION

The Moving Defendants seek to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) with prejudice as to all state-based causes of action (2-7), and any federal cause of action accruing prior to March 27, 2021. (Mot. 1.) Moving Defendants submit that "[a]s to any federal cause(s) of action alleged to have occurred prior to March 27, 2021," the Moving Defendants "request that Plaintiff be ordered to specifically set forth only those facts supporting such a claim pursuant to" Federal Rule of Civil Procedure 12(b)(5).[1]

Moving Defendants proffer that by her own admission, Plaintiff acknowledges that her alleged sexual assault by then Sanger police officer Defendant Torrence occurred between September, 2020 and May, 2021. (See Compl. ¶ 8.)[2] Given the complaint was filed March 27, 2023, almost two years after what Moving Defendants argue is the accrual of her most recent allegation in May of 2021, and almost three years after her earliest allegations in September of 2020, Moving Defendants argue that Plaintiff suffers from insurmountable statute of limitations obstacles on two levels: (1) Plaintiff has not and cannot satisfy the mandatory requirements of filing a government tort claim within six (6) months of the accrual of her state claims; and (2) Plaintiff cannot circumvent the two year statute of limitations with respect to any federal claim accruing prior to March 27, 2021.

In this regard, Moving Defendants argue that the applicable statutes of limitations are jurisdictional, impose the burden on Plaintiff to produce evidence to support such claims, and Plaintiff simply cannot meet that burden. Moving Defendants argue the state causes of action are jurisdictionally barred by the insurmountable statutes of limitation and must be dismissed, and "whether Plaintiff can somehow allege a specific federal claim accruing prior to March 27, 2021, remains to be seen." (Mot. 3.)

---

[1] As Plaintiffs correctly note in opposition (Opp'n 3), Moving Defendants appear to cite the incorrect provision of the rule in their notice of motion, citing to 12(b)(5) at this point (Mot. 2), when that provision pertains to "insufficient service of process." See Fed. R. Civ. P. 12(b)(5).

[2] The Court notes that paragraph seven indicates the incidents occurred until July 2021, while paragraph 8 does reference May 2021 as an ending date.

1    Plaintiff responds that the motion directed at the state law claims should be denied
2  because the claims it attacks, causes of action two through eight, are not pleaded against the
3  Moving Defendants and they, therefore, cannot properly assert a defense to those claims.
4  Plaintiff additionally argues the motion does not otherwise establish an absolute defense to relief.
5  Finally Plaintiff argues the request for an order requiring plaintiff to set forth only certain facts in
6  an amended pleading should be denied because the complaint survives dismissal and because the
7  motion fails to cite appropriate authority for such an order.

8    **A.    The Government Claims Act**

9    Moving Defendants seek to dismiss causes of action two through seven for failure to
10  comply with the California Government Claims Act.

11    1.    Legal Standards

12    Under the California Government Claims Act ("GCA"),[3] "no suit for money or damages
13  may be brought against a public entity on a cause of action for which a claim is required to be
14  presented in accordance with Chapter 1 . . . until a written claim therefor has been presented to
15  the public entity and has been acted upon by the board, or has been deemed to have been
16  rejected."  Cal. Gov't Code § 945.4.

17    Pursuant to the GCA, the filing of a timely claim pursuant with the public entity is a
18  condition precedent to the filing of a lawsuit against a public entity.  Le Mere v. L.A. Unified
19  School Dist., 35 Cal.App. 5th 237, 246 (Cal. Ct. App. 2019) (the GCA "establishes certain
20  conditions precedent to the filing of a lawsuit against a public entity . . . a plaintiff must timely
21  file a claim for money or damages with the public entity . . . [and] [t]he failure to do so bars the
22  plaintiff from bringing suit against that entity.") (internal citations omitted).  "A suit for 'money
23  or damages' includes all actions where the plaintiff is seeking monetary relief, regardless
24  whether the action is founded in 'tort, contract or some other theory.' "  Hart v. Alameda County,

25  ────────────
[3]  Moving Defendants utilize the term the California Tort Claims Act.  The Court will use the term Government
26  Claims Act.  See Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal., 730 F.3d 1111, 1124 (9th
Cir. 2013) ("Consistent with the California Supreme Court, we 'adopt the practice of referring to the claims statutes
27  as the Government Claims Act, to avoid the confusion engendered by the informal short title Tort Claims Act.' "
(quoting City of Stockton v. Superior Court, 42 Cal.4th 730, 68 Cal.Rptr.3d 295, 171 P.3d 20, 23 (2007)); see also
28  Shead v. Vang, No. 109CV00006AWISKOPC, 2015 WL 6082429, at *2 (E.D. Cal. Oct. 15, 2015) ("The
Government Claims Act was formerly known as the California Tort Claims Act.").

76 Cal. App. 4th 766, 778 (1999) (citation omitted); see also City of Stockton, 42 Cal. 4th at 738 ("Contract claims fall within the plain meaning of the requirement that 'all claims for money or damages' be presented to a local public entity.").

"Only after the public entity's board has acted upon or is deemed to have rejected the claim may the injured person bring a lawsuit alleging a cause of action in tort against the public entity." Id. (internal citations omitted); see also Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The [GCA] requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.") (internal citations and quotation marks omitted); State of California v. Superior Court, 32 Cal. 4th 1234, 1243, 90 P.3d 116, 122 (2004) ("In light of this overwhelming case law and history, we conclude that a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement[,] [o]therwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action."); Clarke v. Upton, 703 F. Supp. 2d 1037, 1044 (E.D. Cal. 2010) ("The six month period set forth in Section 945.6(a)(1) is mandatory and strict compliance is required.").

As for employees of a public entity, the GCA provides that "[e]xcept as provided in Section 950.4, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division.."  Cal. Gov't Code § 950.2 ("This section is applicable even though the public entity is immune from liability for the injury.").[4]

 "In addition, under California law, in order to state a tort claim against a public entity or public employee under state law, a plaintiff must allege compliance with the presentment of

---

[4]   Section 950.4 pertains to excusable delay: "A cause of action against a public employee or former public employee is not barred by Section 950.2 if the plaintiff pleads and proves that he did not know or have reason to know, within the period for the presentation of a claim to the employing public entity as a condition to maintaining an action for such injury against the employing public entity, as that period is prescribed by Section 911.2 or by such other claims procedure as may be applicable, that the injury was caused by an act or omission of the public entity or by an act or omission of an employee of the public entity in the scope of his employment as a public employee." Cal. Gov't Code § 950.4.

claims requirements of the California Government Claims Act." Gibson v. Moseley, No. 123CV00230SABPC, 2023 WL 4409931, at *4 (E.D. Cal. July 7, 2023) (citing Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Fisher v. Pickens, 225 Cal. App. 3d 708, 718, 275 Cal. Rptr. 487 (1990)); see also Ramirez v. Cnty. of Fresno, No. 22-CV-00314-AWI-SKO, 2023 WL 2957890, at *3 (E.D. Cal. Apr. 14, 2023) ("Absent a timely claim, no action may be brought against a public entity or a public employee." (citing Cal. Gov. Code §§ 945.4, 950.2)); Matthews v. Pinchback, No. 222CV01329DJCKJNP, 2023 WL 4686417, at *10 (E.D. Cal. July 21, 2023) ("[T]o state a tort claim against a public employee, a plaintiff must also allege compliance with the" GCA. (citing Cal. Gov't Code § 950.6; State of California v. Superior Ct. (Bodde), 32 Cal. 4th 1234, 1244, 90 P.3d 116, 118 (2004) ("[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to [dismissal] for failure to state a cause of action.")). "The requirement that a plaintiff must affirmatively allege compliance with the Government Claims Act applies to state law claims brought in federal court." Matthews, 2023 WL 4686417, at *10 (citing Karim-Panahi, 839 F.2d at 627) ("Karim–Panahi's pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them to the City and the LAPD before commencing suit.").

Under the GCA statutory scheme, "in the usual civil case brought against a public employee, a public entity is required to defend the action against its employee (Gov.Code, § 995 et seq.) and to pay any claim or judgment against the employee in favor of the third party plaintiff (§ 825 et seq.)." Farmers Ins. Grp. v. Cnty. of Santa Clara, 11 Cal. 4th 992, 1001, 906 P.2d 440, 446 (1995). "[U]pon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity." Cal. Gov't Code § 995. "The public entity may satisfy that duty to provide for a defense either 'by its own attorney or by employing other counsel for this purpose or by purchasing insurance which requires that the insurer provide the defense.' " City of Huntington Beach v. Petersen L. Firm, 95 Cal. App. 4th 562, 566, 115 Cal. Rptr. 2d 568, 571 (2002) (quoting Cal. Gov't Code § 996). "All of the expenses of providing a defense pursuant to

this part are proper charges against a public entity [and] [a] public entity has no right to recover such expenses from the employee or former employee defended." Cal. Gov't Code § 996.

However, "[t]here is no duty to defend if the employee's act or omission was not within the scope of the employee's employment[,] [and] [n]or does the duty apply to actions against the employee arising out of the employee's actual fraud, corruption, or actual malice." Petersen L. Firm, 95 Cal. App. 4th at 566 (citing Cal. Gov't Code § 995.2(a)(1)-(2)). "As these statutory provisions make clear, the burden rests upon the public employee to establish that the act or omission was within the scope of employment." Farmers Ins. Grp., 11 Cal. 4th at 1002 (citations omitted). "Another exception to the duty to defend exists when the public entity determines that '[t]he defense of the action or proceeding by the public entity would create a specific conflict of interest between the public entity and the employee or former employee." Id. (quoting Cal. Gov't Code §995.2(a)(3)).

If a public entity "fails or refuses to comply with its duty to provide a defense—for example, because it erroneously believes that one of the exceptions applies—and the employee retains his or her own counsel to defend the action, the employee is entitled to recover from the public entity the reasonable attorney's fees and other expenses incurred in presenting the defense." Id. (citing Cal. Gov't Code § 996.4). Finally, "a public entity has *no* obligation to provide that employee with a *separate* defense." Petersen L. Firm, 95 Cal. App. 4th at 567 (emphasis in original). "Although public entities are statutorily obligated to defend their employees (§ 995), even if a potential conflict of interest exists (§ 995.2), no statute specifies that a public entity is liable for the cost of providing an entirely separate defense for an employee instead of a joint defense of the public entity and the employee." Id. (citation omitted).

2.    Preliminary Review of Parties' Arguments and Legal Support

Moving Defendants argue that as for the state causes of action two through seven, the GCA provides for mandatory compliance with its provisions which are not to be considered a mere procedural requirement, but will serve as a jurisdictional bar to proceed with litigation against a public entity or its employees if not properly alleged in the complaint. The only case cited by Moving Defendants for the proposition of the jurisdictional bar is Shirk. See Shirk v.

1    Vista Unified Sch. Dist., 42 Cal. 4th 201, 209, 164 P.3d 630, 634 (2007).

2         The Court notes that in Shirk, the Supreme Court of California never utilized the term

3    "jurisdictional," but rather "condition precedent," in explaining that "[t]imely claim presentation

4    is not merely a procedural requirement, but is, as this court long ago concluded, 'a condition

5    precedent to plaintiff's maintaining an action against defendant[,]' . . . and thus an element of the

6    plaintiff's cause of action." Shirk, 42 Cal. 4th at 209 (quoting Bodde, 32 Cal. 4th at 1237).

7    Therefore, "[c]omplaints that do not allege facts demonstrating either that a claim was timely

8    presented or that compliance with the claims statute is excused are subject to a general demurrer

9    for not stating facts sufficient to constitute a cause of action." Shirk, 42 Cal. 4th at 209.

10        Moving Defendants direct the Court to specific provisions of the Government Code

11    arguing the provisions of the California Government Code apply, and that absent narrow

12    exceptions, a plaintiff must file a claim within sixth months of accrual. See Cal. Gov't Code §

13    911.2(a) ("A claim relating to a cause of action for . . . for injury to person . . . shall be presented

14    as provided in Article 2 (commencing with Section 915) not later than six months after the

15    accrual of the cause of action."); Cal. Gov't Code § 911.4(a) ("When a claim that is required by

16    Section 911.2 to be presented not later than six months after the accrual of the cause of action is

17    not presented within that time, a written application may be made to the public entity for leave to

18    present that claim."); Cal. Gov't Code § 911.4(b) ("The application shall be presented to the

19    public entity as provided in Article 2 (commencing with Section 915) within a reasonable time

20    not to exceed one year after the accrual of the cause of action and shall state the reason for the

21    delay in presenting the claim. The proposed claim shall be attached to the application."). Thus

22    Moving Defendants argue that in the event that a plaintiff misses the six month statute of

23    limitations, an application for late claim relief may be filed within a reasonable time, not to

24    exceed one year after the accrual date.

25        Specifically, Moving Defendants note that the relevant dates, September, 2020 through

26    May, 2021 (or July 2021 as noted above), passed without any late claim application having been

27    filed. Moving Defendants further argue that while Plaintiff's state based causes of action are

28    stated as applying only to Defendant Torrence, the mandatory requirements of the Tort Claims

1   Act apply equally to individual public employees when it is alleged, as here, that the employee

2   was acting in the course and scope of their employment.  See Del Real v. City of Riverside, 95

3   Cal. App. 4th 761, 767, 115 Cal. Rptr. 2d 705 (2002) ("The filing of a claim is a condition

4   precedent to the maintenance of any cause of action against the public entity and is therefore an

5   element that a plaintiff is required to prove in order to prevail . . . she admits that her claims

6   against Charrette are based upon his actions while in the course and scope of his employment as

7   a City police officer [and] [t]herefore, in order to demonstrate that she could not prevail on any

8   cause of action in her complaint, Defendants need only have demonstrated that she failed to file a

9   claim as required by the Government Code.") (citations omitted).  Thus, Moving Defendants

10  argue that even if Plaintiff was to attempt to now file a late claim now almost two years after the

11  accrual of even her most recent allegation, the Court is without jurisdiction to grant relief.  See

12  Munoz v. State of California, 33 Cal. App. 4th 1767, 1777, 39 Cal. Rptr. 2d 860 (1995).

13      The Court notes that in Munoz, in another portion of the opinion not cited by Moving

14  Defendants, the court of appeal does describe the late-exception statutory apparatus as

15  jurisdictional:

16      Another such rule is critical here. Filing a late-claim application

17      within one year after the accrual of a cause of action is a
        jurisdictional prerequisite to a claim-relief petition. (*Santee v.*

18      *Santa Clara County Office of Education, supra*, 220 Cal.App.3d at
        p. 713.) When the underlying application to file a late claim is filed

19      more than one year after the accrual of the cause of action, the
        court is without jurisdiction to grant relief under Government Code

20      section 946.6. (*Greyhound Lines, Inc. v. County of Santa Clara*
        (1986) 187 Cal.App.3d 480, 488 [231 Cal.Rptr. 702].)  . . . In the

21      instant case, respondent submits the one-year jurisdictional time
        limit expired on December 12, 1993 (one year after the death of

22      Curtis Kates), and the lower court had no jurisdiction to grant the
        petition because plaintiff applied to the State Board of Control for

23      leave to present a late claim on December 22, 1993, a date beyond
        the one-year period.

24  Munoz, 33 Cal. App. 4th at 1779.

25      Based on the above authority, Moving Defendants submit that since it is clear that

26  Plaintiff will never be able to meet her burden of proving compliance with the mandatory claims

27  provisions of the GCA after well over a year, all of her current state-based claims must be

28  dismissed.

Plaintiff responds that because the Moving Defendants seek dismissal of claims not pleaded against them, they lack standing to assert the statute of limitations defense upon which their motion is based.  For this proposition, Plaintiff cites Rule 12, stating Rule 12(b), requires "a defense" to be raised in support of a motion for dismissal, and the state law claims are pleaded against only defendant Torrence and "Does."  Therefore, Plaintiff argues accordingly, only those Defendants can properly assert defenses to those claims, and because they have yet to appear in this action, only conjecture exists as to whether they might have bases for, or may raise (or waive) statute of limitations defenses.

Plaintiff additionally argues the motion should be denied because it asserts only a *potential* defense to claims against other non-moving Defendants and fails to raise a defense to a claim for relief against the moving parties, citing the Fourth and Seventh Circuits.  See E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 185 (4th Cir. 2000) ("A Rule 12(b)(6) motion, however, does not generally invite an analysis of potential defenses to the claims asserted in the complaint.")[5]; Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012) ("The mere presence of a potential affirmative defense does not render the claim for relief invalid.").[6]

---

[5] In context, this portion of the Fourth Circuit opinion provides:

> G.H. Cambridge asserted in its motion to dismiss that Eastern Shore's claims are barred by the doctrine of estoppel and that its actions were protected by a competitive privilege recognized under Maryland law. A Rule 12(b)(6) motion, however, does not generally invite an analysis of potential defenses to the claims asserted in the complaint. *See Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir.1996). A court may consider defenses on a 12(b)(6) motion only "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Id.; see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 348–49 (2d ed.1990). The defense of estoppel derives from specific factual inquiry and its existence is not clearly indicated in Eastern Shore's complaint.

E. Shore Markets, 213 F.3d at 185–86.

[6] In context, this portion of the Seventh Circuit opinion provides:

> Brownmark correctly notes that courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses. *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir.2005). Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. The mere presence of a potential affirmative defense does not render the claim for relief invalid. Further, these defenses typically turn on facts not before the court at that stage in the proceedings. But when all relevant facts are presented, the court may properly dismiss a case before discovery—typically through a Rule 12(c) Motion for Judgment on

12

1   Thus, although not completely clear to the Court given the brevity of Plaintiff's

2   opposition briefing, Plaintiff appears to suggest that affirmative defenses should not be explored

3   on a motion to dismiss where not clearly present on the face of the complaint and given the

4   Movants here are not directly named as parties to the claim, E. Shore Markets, 213 F.3d at 185–

5   86, and perhaps that the timely claim presentation defense is an affirmative defense that must be

6   raised by the movant, or this is an affirmative defense not appropriate at this stage, Brownmark

7   Films, 682 F.3d at 690.  Plaintiff failed to appear for the hearing in order to fully develop or

8   explore the application of these cases to the motion at hand.

9   In this regard, Plaintiff also cites the First and Ninth Circuit as to the general standard for

10  an affirmative defense, stating to grant a Rule 12(b)(6) motion on the basis of an affirmative

11  defense, the facts establishing the defense must "be definitively ascertainable from the complaint

12  and other allowable sources of information," and "suffice to establish the affirmative defense

13  with certitude."  Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008);

14  Asarco, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) ("Dismissal under Rule

15  12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some

16  obvious bar to securing relief on the face of the complaint.").

17  As for the first two cases, in reply, Moving Defendants only state that "[g]iven that

18  neither of Plaintiff's 4th Circuit or 7th Circuit authorities are even remotely applicable to the

19  jurisdictional issues raised by this motion, Defendants will not address them here."  (Reply 2

20  n.1.)  Moving Defendants provide no analysis or mention of "affirmative defenses," concede that

21  a 12(b)(6) motion is generally limited to the pleadings, but argue in reply that Plaintiff's failure

22  to affirmatively allege compliance with the GCA is jurisdictional.  (See Reply 2.)  Defendant's

23  lack of substantive argument regarding affirmative defenses and simple reliance on arguing

24  compliance with the GCA is jurisdictional, is not particularly helpful to the Court for the reasons

25  explained below.

---

26      the Pleadings—on the basis of an affirmative defense. *See id.; Brooks v. Ross,* 578 F.3d 574, 579
        (7th Cir.2009) (approving of granting motions to dismiss based on the statute of limitations when
27      "the relevant dates [that establish the defense] are set forth unambiguously in the complaint.").

28  Brownmark Films, 682 F.3d at 690.

3.    The Court Finds the Motion to Dismiss Should be Granted with Leave to Amend

While the parties provide no caselaw on precise issue of whether compliance with the timely filing requirements of the GCA is an affirmative defense, the Court notes that it has been pled as an affirmative defense in some cases.  Spencer v. Carlson, No. 119CV01615ADAHBK, 2022 WL 4484300, at *1 (E.D. Cal. Sept. 27, 2022) ("Plaintiff argues that Defendant's second affirmative defense under the [GCA] should be stricken because he presented a timely claim under the [GCA] . . . though the likelihood of the affirmative defense's success may be minimal, the merits of a defense are not grounds to strike it."); Est. of Sanchez v. Cnty. of Stanislaus, No. 118CV00977DADBAM, 2019 WL 4201442, at *2 (E.D. Cal. Sept. 5, 2019) ("Meanwhile, the eleventh affirmative defense states that "[a]s to all state law claims for relief...[plaintiffs] have failed to comply with the requirements of [the GCA]."); Rodriguez v. Brown, No. 115CV01754LJOEPGPC, 2017 WL 1090161, at *4 (E.D. Cal. Mar. 22, 2017) (noted pled as affirmative defense).

Plaintiff argues the motion to dismiss fails to show where or how facts establishing this defense are definitively ascertainable from the complaint or other allowable sources of information, and also fails to show with any level of certitude how any facts pleaded in the complaint establish this defense.  However, this Court and others routinely grant 12(b)(6) motions to dismiss based on the absence of affirmative pleading of compliance with the GCA on the face of the complaint.  See, e.g., McDaniel v. Diaz, No. 120CV00856NONESAB, 2021 WL 147125, at *14-20 (E.D. Cal. Jan. 15, 2021), report and recommendation adopted, No. 120CV00856NONESAB, 2021 WL 806346 (E.D. Cal. Mar. 3, 2021).  The more critical question for the Court is whether the Moving Defendants can move to dismiss the state causes of action when the Moving Defendants are not directly named on such causes of action.  The parties provide no on-point caselaw concerning the precise issue here.

In line with Moving Defendants arguments, some courts, including in published opinions in this district, have expressly stated the issue of compliance with the GCA is jurisdictional, and have dismissed sua sponte even in the absence of any defendant raising the issue.  See Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1224 (E.D. Cal. 2009) ("The district court

considers, sua sponte, whether Plaintiff's conclusory allegation that he 'complied with the California Tort Claims Act' is sufficiently pleaded for purposes of the Tort Claims Act, California Government Code § 810 et seq., as it raises a jurisdictional issue.").  In <u>Creighton</u>, the plaintiff was represented by counsel, and Judge Wanger  summarized as follows:

> Presentation of a timely tort claim is a jurisdictional prerequisite to maintaining a cause of action against a public entity. *Ard v. County of Contra Costa,* 93 Cal.App.4th 339, 343, 112 Cal.Rptr.2d 886 (2001); *see also Hernandez v. McClanahan,* 996 F.Supp. 975, 977 (N.D.Cal.1998). A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the Tort Claims Act before commencing a civil action. *See Mangold v. Cal. Pub. Util. Comm'n,* 67 F.3d 1470, 1477 (9th Cir.1995).
>
> The timely presentation of a claim under the Tort Claims Act is not merely a procedural requirement but is an actual "element of the plaintiff's cause of action." *Shirk v. Vista Unified Sch. Dist.,* 42 Cal.4th 201, 209, 64 Cal.Rptr.3d 210, 164 P.3d 630 (2007). In the complaint, the plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise his complaint ... fail[s] to state facts sufficient to constitute a cause of action." *State v. Superior Court (Bodde),* 32 Cal.4th 1234, 1243, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004); *see also Shirk,* 42 Cal.4th at 209, 64 Cal.Rptr.3d 210, 164 P.3d 630.

<u>Creighton</u>, 628 F. Supp. 2d at 1224–25.  In another more recent published opinion from this district, Judge Nunley, citing to <u>Creighton</u>, also *sua sponte* considered the issue:

> "The district court considers, *sua sponte*, whether Plaintiff's conclusory allegation that he complied with the California Tort Claims Act is sufficiently pleaded for purposes of the Tort Claims Act, California Government Code § 810 et seq., as it raises a jurisdictional issue." *Creighton v. City of Livingston,* 628 F. Supp. 2d 1199, 1224 (E.D. Cal. 2009). "The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." *Mangold v. California Pub. Utilities Comm'n,* 67 F.3d 1470, 1477 (9th Cir. 1995). "The CTCA applies to state law claims wherever those claims are brought, and the requirement that a plaintiff must affirmatively allege compliance with the CTCA applies in federal court." *Butler v. Los Angeles Cty.,* 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008). The California Tort Claims Act ("CTCA") applies to actions for damages against local public entities or public employees acting within the scope of that employee's public employment. Cal. Gov. Code § 950.2. "[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." *State of California v. Superior Court*, 32 Cal. 4th 1234, 1243, 13 Cal.Rptr.3d 534, 90 P.3d 116

(2004). "The timely presentation of a claim under the Tort Claims Act is not merely a procedural requirement but is an actual 'element of the plaintiff's cause of action.' " *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) (quoting *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209, 64 Cal.Rptr.3d 210, 164 P.3d 630 (2007)).

Cardenas v. Cnty. of Tehama, 476 F. Supp. 3d 1055, 1070 (E.D. Cal. 2020); see also Brown v. Rasley, No. 113CV02084AWIBAMPC, 2018 WL 4042822, at *5 (E.D. Cal. Aug. 23, 2018) ("The failure to comply with the Government Claims Act is a jurisdictional defect."), report and recommendation adopted, No. 113CV02084AWIBAMPC, 2018 WL 6169624 (E.D. Cal. Nov. 26, 2018).

However, to be clear as to whether the issue is jurisdictional in the California state courts, the Supreme Court of California recently reaffirmed that the failure to comply with the GCA does not divest such trial courts of jurisdiction over a cause of action against a public entity, citing Bodde:

> The GCA's provision requiring plaintiffs to have timely filed a claim for money or damages with a public entity as a prerequisite to bringing suit (Gov. Code, § 945.4) is a case in point: In *State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116, we held that a plaintiff's "failure to allege facts demonstrating or excusing compliance with the [GCA's] claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." But even so, we explicitly rejected the notion that a plaintiff's failure to allege compliance "divests the court of jurisdiction over a cause of action against a public entity." (*Id.* at p. 1239, fn. 7, 13 Cal.Rptr.3d 534, 90 P.3d 116.)

Quigley v. Garden Valley Fire Prot. Dist., 7 Cal. 5th 798, 810 n.6, 444 P.3d 688, 696 (2019); see also Rhodes v. Sailor, No. CV 08-6419-DDP (E), 2009 WL 2578891, at *4 (C.D. Cal. Aug. 17, 2009) ("The claims presentation requirements of the California Government Claims Act are not jurisdictional [as in Bodde, the court noted the] California Supreme Court has 'long held' that failure to comply with the claims presentation requirement does not divest court of jurisdiction over claim against a public entity, [and] [t]herefore to the extent Defendant seeks dismissal of the claims against it on the ground that the Court lacks subject matter jurisdiction over those claims, Defendant's Motion lacks merit." (quoting Bodde, 32 Cal.4th at 1239 n. 7) (citing County of

1  Santa Clara v. Superior Court, 4 Cal.3d 545, 550-51 94 Cal.Rptr. 158, 483 P.2d 774 (1971))); but

2  see Winters v. Saweris, No. EDCV170538JVSDFM, 2017 WL 1701100, at *6 (C.D. Cal. Apr.

3  28, 2017) (" 'Presentation of a timely tort claim is a jurisdictional prerequisite to maintaining a

4  cause of action against a public entity[,]' [and] [a] plaintiff, moreover, must affirmatively allege

5  in his complaint that he complied with the Act." (quoting Creighton, 628 F. Supp. 2d at 1224-25)

6  (citing Dowell v. Contra Costa Cty., 928 F. Supp. 2d 1137, 1151 (N.D. Cal. 2013))).

7        As related to the parties' arguments concerning jurisdiction and affirmative defenses, the

8  Supreme Court of California also discussed as follows:

> Defects in fundamental jurisdiction therefore "may be raised at any
> point in a proceeding, including for the first time on appeal," or,
> for that matter, in the context of a collateral attack on a final
> judgment. (People v. Chavez (2018) 4 Cal.5th 771, 780, 231
> Cal.Rptr.3d 634, 415 P.3d 707.) By contrast, other sorts of
> objections a defendant might have on the merits—including an
> objection that liability is barred by an affirmative defense—are
> ordinarily deemed "waived" if the defendant does not raise them in
> its demurrer or answer to the complaint. (Code Civ. Proc., §
> 430.80, subd. (a).)

15  Quigley, 7 Cal. 5th at 807.

16        Even if not jurisdictional in the strict sense of divesting the California trial court of

17  jurisdiction under the holdings of the Supreme Court of California, the Court finds given the

18  weight of the legal principles underlying the entirety of the GCA statutory scheme, Plaintiff's

19  specific allegations that Torrence was acting within the course and scope of his employment as a

20  police officer, the principles underlying the decision in Creighton and other similar cases above,

21  and for additional reasons explained below, Moving Defendants' motion to dismiss should be

22  granted with leave to amend.

23        First, the Court notes the Ninth Circuit has expressly stated that "[a] District Court may

24  properly on its own motion dismiss an action as to defendants who have not moved to dismiss

25  where such defendants are in a position similar to that of moving defendants or where claims

26  against such defendants are integrally related." Silverton v. Dep't of Treasury of U. S. of Am.,

27  644 F.2d 1341, 1345 (9th Cir. 1981) (citations omitted); see also Abagninin v. AMVAC Chem.

28  Corp., 545 F.3d 733, 742 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with

1   prejudice in favor of a party which had not appeared, on the basis of facts presented by other

2   defendants which had appeared."); Ezor v. McDonnell, No. CV 19-8851-JVS (AGR), 2020 WL

3   6468448, at *8 (C.D. Cal. Oct. 21, 2020) ("Although Diller has not appeared, Plaintiff's federal

4   claims against her should be dismissed for the same reasons."), report and recommendation

5   adopted, No. CV 19-8851-JVS (AGR), 2020 WL 7479622 (C.D. Cal. Dec. 18, 2020), aff'd, No.

6   21-55117, 2022 WL 1184187 (9th Cir. Apr. 21, 2022).

7         The Court finds that the holding of the Supreme Court of California in Mary M., in

8   relation to the statutory scheme concerning the public employer's obligation to provide a legal

9   defense, counsels in favor of granting the motion to dismiss for failure to comply with the GCA,

10  at least in so far as Plaintiff specifically alleges that Torrence was acting within the scope and

11  course of his employment as a police officer.[7]  Again, "upon request of an employee or former

12  employee, a public entity shall provide for the defense of any civil action or proceeding brought

13  against him, in his official or individual capacity or both, on account of an act or omission in the

14  scope of his employment as an employee of the public entity."  Cal. Gov't Code § 995.  As the

15  Comments to the 1965 amendment to a related provision states:

16                    The addition of the last sentence to this section eliminates an
                      existing ambiguity by providing that the presentation of a claim to
17                    the employing public entity is a prerequisite to suit against an
                      employee notwithstanding the fact that the applicable substantive
18                    law may declare the entity to be immune from liability for the
                      injury. **Because the employing public entity is financially**
19                    **responsible for judgments against its employees (see Section**
                      **825), the presentation of a claim is required in all cases.** [7
20                    Cal.L.Rev.Comm. Reports 401 (1965)].

21  Cal. Gov't Code § 950.2 (Comment) (emphasis added).

22  / / /

23

24  [7]  Plaintiff alleges Torrence was "acting within the course and scope of his employment, which was incidental to the
    enterprise of [Sanger Police Department], and the wrongful acts alleged against him herein flow from the exercise of
25  his authority." (Compl. ¶ 4.)  However, that paragraph also states Torrence "is sued herein in his individual and
    personal capacity."  (Id.)  Plaintiff also alleges "Defendants were the agents, employers, employees . . . and in doing
26  the things hereinafter alleged, were acting within the course and scope of that relationship . . . [e]ach defendant acted
    under the color of authority of the State of California." (Compl. ¶ 6.)  Plaintiff also alleges Torrence sexually
    assaulted multiple victims "while he was engaged or purporting to be engaged in his official duties as an officer."
27  (Compl. ¶¶ 7, 8.)  The Court must accept the pleadings as true on a motion to dismiss.  As noted below, Plaintiff
    may consider whether he may properly exclude these allegations in order to circumvent the need to comply with the
28  GCA.

As noted above, "[u]nder the [GCA], a public entity is required to pay claims and defense costs arising out of a civil lawsuit only where the employee proves that the act or omission giving rise to an injury occurred in 'the scope of his or her employment as an employee of the public entity.'" Farmers, 11 Cal. 4th at 997.  As the Supreme Court of California explains, "[t]ortious conduct that violates an employee's official duties or disregards the employer's express orders may nonetheless be within the scope of employment . . . [and] [s]o may acts that do not benefit the employer . . . or are willful or malicious in nature." Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 209, 814 P.2d 1341, 1344 (1991) (citations omitted).  In Mary M., the Supreme Court of California held that given the authority and trust emplaced in police officers, a police officer that commits rape while acting in the capacity of a police officer, may still be acting within the scope of employment for purposes of vicarious liability, although the question is still a factual determination for the jury:

> For the reasons set forth above, we hold that when, as in this case, a police officer on duty misuses his official authority by raping a woman whom he has detained, the public entity that employs him can be held vicariously liable. This does not mean that, as a matter of law, the public employer is vicariously liable whenever an on-duty officer commits a sexual assault. Rather, this is a question of fact for the jury. In this case, plaintiff presented evidence that would support the conclusion that the rape arose from misuse of official authority. Sergeant Schroyer detained plaintiff when he was on duty, in uniform, and armed. He accomplished the detention by activating the red lights on his patrol car. Taking advantage of his authority and control as a law enforcement officer, he ordered plaintiff into his car and transported her to her home, where he threw her on a couch. When plaintiff screamed, Sergeant Schroyer again resorted to his authority and control as a police officer by threatening to take her to jail. Based on these facts, the jury could reasonably conclude that Sergeant Schroyer was acting in the course of his employment when he sexually assaulted plaintiff.

Mary M., 54 Cal. 3d at 221.

/ / /

/ / /

/ / /

/ / /

/ / /

As a concurring opinion also expressed:

> "All rape is an exercise in power, but some rapists have an edge that is more than physical." A police officer is sworn to protect and to serve. In the pantheon of protection, we look to law enforcement officials as our first and last hope. When the police officer's special edge—the shield, gun and baton, the aura of command and the irresistible power of arrest—is employed to further a rape, the betrayal suffered by the victim is an especially bitter one.
>
> "The bite of the law," Justice Frankfurter wrote, "is in its enforcement." That maxim was never better served than here. Given the proper factual showing of misuse of official authority in the commission of a rape by a police officer, it is fair and consistent with time-honored principles of respondeat superior to impose liability vicariously on the public entity on whose account the officer occupied a position of authority and trust, and for the folly of its hire.

Mary M., 54 Cal. 3d at 224 (Baxter, J., concurring); but see Mary M., 54 Cal. 3d at 225 ("I concur . . . [but] I respectfully disagree, however, with the majority's reasoning and conclusion on the substantive question of vicarious liability [as while] [t]he majority presents at length its policy views on why governments should be strictly liable for the crimes of their police officers . . . these observations are largely irrelevant . . . [t]he narrow issue in this case is whether an officer who deviates from duty and commits criminal acts entirely unrelated to his law enforcement responsibilities can ever be deemed 'in the scope of ... employment[,]' [and] [f]or reasons I will explain, the answer to that question is 'no.' ") (Lucas, J., concurring).

The Ninth Circuit more recently summarized the state of the law after Mary M.:

> There is, admittedly, some tension between the California Supreme Court's decision in, *Mary M.,* 285 Cal.Rptr. 99, 814 P.2d 1341, and its subsequent decisions—tension that has been noted by the California courts themselves. In *Mary M.,* the California Supreme Court held that rape was within the scope of an on-duty police officer's employment and that the city was liable. The court "stress[ed] that [its] conclusion ... flow[ed] from the unique authority vested in police officers. Employees who do not have this authority and who commit sexual assaults may be acting outside the scope of their employment as a matter of law." *Id.,* 285 Cal.Rptr. 99, 814 P.2d at 1350 n. 11. The California Supreme Court seemed to limit *Mary M.'s* holding to sexual assault by on-duty police officers in *Farmers Insurance Group,* 47 Cal.Rptr.2d 478, 906 P.2d at 450. *See id.* ("[E]xcept where sexual misconduct by on-duty police officers against members of the public is involved, the employer is not vicariously liable to the third party for such misconduct." (citation omitted)); *see also Lisa M.,* 48 Cal.Rptr.2d 510, 907 P.2d at 366 (stating that *Mary M.* provides

"less than compelling precedent for liability" because the court "expressly limited [*Mary M.'s* ] holding" to on-duty police officers); *M.P.,* 98 Cal.Rptr.3d at 814–15 ("It is questionable whether the holding in *Mary M.* is still viable.... [W]e conclude that the *Mary M.* holding that a public employer of a police officer may be vicariously liable for a sex crime committed by the officer against a person detained by the officer while on duty is, at best, limited to such acts by an on-duty police officer and does not extend to any other form of employment."). Because Powell was not a police officer acting within the scope of his employment, *Mary M.* has little relevance to the present case.

Xue Lu v. Powell, 621 F.3d 944, 955 (9th Cir. 2010).[8]

Finally, in light of the above authority and based on the *current* pleadings that allege Torrence was acting within the course and scope of his employment, the Court considers joinder could be an additional factor that weighs in favor of granting the motion to dismiss. "Rule 19 is designed to protect the interests of absent parties, as well as those ordered before the court, from multiple litigation, inconsistent judicial determinations or the impairment of interests or rights." CP Nat. Corp. v. Bonneville Power Admin., 928 F.2d 905, 911 (9th Cir. 1991). While the parties did not discuss joinder, "[t]he absence of 'necessary' parties may be raised by reviewing courts *sua sponte.*" Id. (citations omitted); Est. of Mendez v. City of Ceres, 390 F. Supp. 3d 1189, 1199 (E.D. Cal. 2019) ("The Court, however, may raise *sua sponte* joinder under Rule 19."). The Mendez court recently summarized the standards pertaining to joinder:

> Federal Rule of Civil Procedure 19 requires joinder of necessary parties, with certain exceptions. Fed. R. Civ. P. 19. "A Rule 19 motion poses three successive inquiries," *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010) (internal quotations and citation removed), which were not briefed or analyzed fully by the parties here. The first inquiry requires determining whether a party is necessary pursuant to the rule. *Id.* That inquiry involves a two-pronged analysis, pursuant to which the Court examines first "whether complete relief can be afforded if the action is limited to the existing parties," and second, "whether the absent party has a legally protected interest in the subject of the action, and if so, whether the party's absence will impair or impede the party's

---

[8] In Farmers, the court found that "[s]ince the deliberate targeting of an individual employee by another employee for inappropriate touching and requests for sexual favors is not a risk that may fairly be regarded as typical of or broadly incidental to the operation of a county jail, such conduct must be deemed to fall outside the scope of a deputy sheriff's employment [and] [c]onsequently, the County is not obligated to indemnify the sexual harasser or his private insurer." Farmers, 11 Cal. 4th at 997. However, the court noted that "cases hold that, except where sexual misconduct by on-duty police officers against members of the public is involved (e.g., Mary M., supra, 54 Cal.3d 202, 285 Cal.Rptr. 99, 814 P.2d 1341; White v. County of Orange (1985) 166 Cal.App.3d 566, 212 Cal.Rptr. 493), the employer is not vicariously liable to the third party for such misconduct." Farmers, 11 Cal. 4th at 1006.

ability to protect that interest or will leave an existing party subject to multiple, inconsistent legal obligations with respect to that interest." *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014) (internal quotations omitted). Either a negative answer to the first prong or an affirmative answer to the second prong means a party is necessary. If a party is not necessary, the inquiry stops. If a party is necessary, the Court engages, in order, the successive steps of the Rule 19 inquiry to determine if the necessary party is indispensable and whether, in fact, the action cannot proceed without that party. *Peabody*, 610 F.3d at 1078.

Mendez, 390 F. Supp. 3d at 1199. First, given the employing public entity is financially responsible for judgments against its employees, an argument could be made whether the Court can properly grant complete relief on the claims without the Moving Defendants being able to defend against such claims. More importantly, it appears clear that given the above authority, the absent parties have a legally protected interest in the subject of the (causes of) action, and the parties' absence from the causes of action, if Plaintiff is correct that Moving Defendants cannot raise compliance with the GCA without being named to the causes of action, would impair or impede the parties' ability to protect such interest. See Mendez, 390 F. Supp. 3d at 1199 (citing White v. Univ. of Cal., 765 F.3d at 1026); see Fed. R. Civ. P. 19(a)(1)(B)(i) (required party where "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: . . . as a practical matter impair or impede the person's ability to protect the interest.").

Additionally, "[c]onsideration of judicial economy is also appropriate [on joinder], although judicial economy is not a factor specified in Rule 19." Mendez, 390 F. Supp. 3d at 1200. Given Plaintiff has not served Torrence yet, and given Plaintiff's failure to make an appearance at the hearing,[9] the Court concludes the above legal standards underlying the GCA

---

[9] Overall, "[a]bsent notice of intent to submit the matter on the briefs, failure to appear may be deemed withdrawal of the motion or of opposition to the motion, in the discretion of the Court, or may result in the imposition of sanctions." L.R. 230(i). Thus, in addition to the Plaintiff's briefing being not substantial in substantive arguments, the Court could deem the opposition withdrawn. Nonetheless., the Court has considered the arguments above. The Court wished to inquire about the various issues underlying the motion and opposition, and specifically in conjunction with Plaintiff's failure to serve Torrence, and the fact that Plaintiff did not request a summons until after this matter was fully briefed. The Court was contacted by Plaintiff's counsel who indicated the failure to appear was due to a technical issue connecting remotely to the videoconference hearing. The Court does not find such excuse sufficient, and the Court shall require Plaintiff's counsel to appear in person for any future hearing in this matter.

1  tips judicial economy in favor of granting the motion to dismiss as Plaintiff has not affirmatively

2  alleged compliance with the GCA, nor any excuse for not doing so.

3       The Court finds leave to amend to allow Plaintiff to affirmatively allege compliance with

4  the GCA, or allege some form of excuse or tolling, is proper.  Fed. R. Civ. P. 15(a)(2) ("The

5  court should freely give leave when justice so requires.").  Additionally, given the above legal

6  standards and current allegations, Plaintiff may consider whether omitting an allegation that

7  Torrence was acting within the course and scope of his employment as a police officer would

8  alleviate the requirement to comply with the GCA, if the claims are only brought against

9  Torrence in some form of personal capacity only.

10       **B.      Motion to Dismiss the First Cause of Action**

11       Plaintiff's first cause of action is brought pursuant to 42 U.S.C. § 1983.  Moving

12  Defendants argue that as claims not timely filed within the two year statute of limitations from

13  their accrual are generally barred, any federal claim based on allegations from September, 2020,

14  through March 27, 2021, is barred by the statute of limitations.  See Ritchie v. United States, 210

15  F. Supp. 2d 1120, 1123 (N.D. Cal. 2002) ("Where the facts and dates alleged in a complaint

16  demonstrate that the complaint is barred by the statute of limitations, a Federal Rule of Civil

17  Procedure 12(b)(6) motion should be granted.").  Based on federal accrual rules, Moving

18  Defendants argue Plaintiff does not dispute that she was well aware of her alleged sexual assaults

19  as of the dates they allegedly occurred between September, 2020 and May, 2021, and therefore

20  all of Plaintiff's federal claims allegedly occurring prior to March 27, 2021, two years prior to

21  filing her complaint, must be dismissed.

22       Plaintiff responds that the Moving Defendants' motion fails to show facts alleged in the

23  complaint that establish the proffered defense with any certitude.  Instead, Plaintiff argues the

24  motion points to allegations in paragraph 8 of the complaint that Defendant Torrence sexually

25  assaulted Plaintiff between September 2020 and May 2021; that these allegations do not

26  establish a defense to the claim against the Moving Defendants; and rather, they establish the

27  existence of a valid Section 1983 claim in that they describe actionable conduct which occurred,

28  at least in part, during the claimed two-year limitations period.  (Opp'n 4.)

1    In reply, Defendant only states:

2        Rather strangely, Plaintiff doesn't (and cannot) dispute that the
         statute of limitations for her federal claim is two years. She instead
3        simply argues that she should be permitted to amend her
         Complaint to allege conduct which occurred within that period. On
4        this issue, Defendants don't disagree. In other words, Defendants
         agree that all conduct allegedly occurring beyond the two year
5        statute of limitations (i.e. prior to March 27, 2021) must be stricken
         and whatever conduct, if any, occurring after March 27, 2021, may
6        be asserted in any amended complaint.

7    (Reply 3.)

8        1.    General Legal Standards

9        Since federal civil rights statutes have no statute of limitations, the applicable statute of

10   limitations for Section 1983 personal injury claims are governed by the controlling state law.

11   Wilson v. Garcia, 471 U.S. 261, 280 (1985).  "For actions under 42 U.S.C. § 1983, courts apply

12   the forum state's statute of limitations for personal injury actions, along with the forum state's

13   law regarding tolling, including equitable tolling, except to the extent any of these laws is

14   inconsistent with federal law."  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also

15   Brown v. Collins, 848 F. App'x 752, 753 (9th Cir. 2021).  California currently has a two-year

16   statute of limitations for personal injury claims.  See Cal. Civ. Proc. Code § 335.1; Brown, 848

17   F. App'x at 753.

18       "[U]nder federal law, which determines accrual, 'a claim accrues when the plaintiff

19   knows or has reason to know of the injury which is the basis of the action.' "  Brown, 848 F.

20   App'x at 753 (quoting Lukovsky v. City & County of San Francisco, 535 F.3d 1044, 1048 (9th

21   Cir. 2008)).  However, "[a]s with the limitations period itself, we borrow our rules for equitable

22   tolling of the period from the forum state, California."  Cervantes v. City of San Diego, 5 F.3d

23   1273, 1275 (9th Cir. 1993).  "Equitable tolling of a statute of limitations may suspend or extend

24   the limitations period."  Holmes v. Baughman, No. 220CV1496KJMDBP, 2022 WL 298773, at

25   *1 (E.D. Cal. Feb. 1, 2022) (citing McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th

26   88, 99 (2008)).

27   / / /

28   / / /

2.      The Court Finds the Continuous Accrual Doctrine Applicable based on Both Parties' Arguments as to Certain Time Frame, and that Leave to Amend Should be Granted to Possibly Assert other Tolling Doctrines

Turning to the allegations in the complaint, paragraph 8 states:

> On multiple occasions between September 2020 and May 2021, while he was engaged or purporting to be engaged in his official duties as an officer of SANGER POLICE DEPARTMENT, under color of law and with no legitimate law-enforcement purpose, defendant TORRENCE made sexual demands upon and sexually assaulted RUELAS, including by groping her breasts and body parts and forcing her to orally copulate his penis. RUELAS did not consent to these sexual demands and acts. TORRENCE coerced RUELAS by threatening physical violence and loss of her children if she refused or reported him and promising favorable intervention in a child custody matter if she submitted. TORRENCE intentionally deprived RUELAS of her fundamental right to bodily integrity, which is secured and protected by the Constitution and laws of the United States, including by rights afforded under the Fourth Amendment to the United States Constitution to be secure against unreasonable searches, seizures and wrongful arrests and detention without probable cause, the Fourteenth Amendment to the United States Constitution guaranteeing due process and equal protection of law.

(Compl. ¶ 8.)  Paragraph 9 alleges the City of Sanger and Sanger Police Department "failed to promptly investigate complaints of TORRENCE's misconduct, failed to properly discipline TORRENCE and others for this misconduct, allowed a custom and practice of sexual assaults to occur, and allowed TORRENCE's misconduct to occur and continue by failing to investigate and discipline previous complaints of sexual assault and misconduct against other officers and against TORRENCE."  (Compl. ¶ 9.)

Thus, there are no specific factual allegations tied to specific dates between September 2020 and May 2021, contained in the complaint.  Given the brevity of both of the parties' briefing, and particularly Plaintiff's opposition, the Court wished to inquire at the hearing as to whether Plaintiff asserts potential tolling doctrines may be applicable, and whether they argue there is sufficient factual content to support application of *any* tolling doctrine.  However, Plaintiff's counsel failed to make an appearance at the hearing, and thus the Court was unable to elicit any argument on the issue.

As the Supreme Court of California explains, "[t]o align the actual application of the

limitations defense more closely with the policy goals animating it, the courts and the Legislature have over time developed a handful of equitable exceptions to and modifications of the usual rules governing limitations periods."  Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1192, 292 P.3d 871, 875–76 (2013).  "These doctrines may alter the rules governing either the initial accrual of a claim, the subsequent running of the limitations period, or both."  Id.

"The burden of alleging facts that would give rise to tolling falls upon the plaintiff."  Ucci v. LAPD, No. 215CV08386CASKES, 2020 WL 1032359, at *7 (C.D. Cal. Jan. 7, 2020) (citing Hinton v. NMI Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).  Even if Plaintiff had made an appearance at the hearing, it is not clear if any argument could be made without more of a specific assertion of tolling within the complaint, let alone an argument there are sufficient current facts, or additional facts that *could* support a theory.  See Belyea v. Greensky, Inc., No. 20-CV-01693-JSC, 2021 WL 1338549, at *2 (N.D. Cal. Apr. 9, 2021) ("Barnes, however, did not plead the continuous accrual theory in her FAC and thus cannot raise it in opposition to the motion to dismiss . . . " (citing Gonzalez on Behalf of Estate of Perez v. JP Morgan Chase Bank, N.A., No. C-14-2558 EMC, 2014 WL 5462550, at *4 (N.D. Cal. Oct. 28, 2014)); see Gonzalez, 2014 WL 5462550, at *4 ("Ms. Gonzalez must plead an equitable exception to the running of the statute of limitations by alleging, *e.g.,* the discovery rule, equitable tolling, fraudulent concealment, continuous violation, or continuous accrual."); Long v. Forty Niners Football Co., LLC, 33 Cal. App. 5th 550, 555, 244 Cal. Rptr. 3d 887, 892 (2019) ("Where a claim is time-barred on its face, the plaintiff must specifically plead facts that would support equitable tolling."); Ucci v. LAPD, 2020 WL 1032359, at *7 ("[W]hen a complaint shows on its face ... that a pleaded cause of action is apparently barred by the statute of limitations, plaintiff must plead facts which show an excuse, tolling, or other basis for avoiding the statutory bar." (quoting In re Reno, 55 Cal. 4th 428, 511, 146 Cal.Rptr.3d 297, 283 P.3d 1181 (2012))).

As the complaint currently stands, and considering the limited arguments and legal support contained in the briefing, the Court only finds enough factual allegations to support a Section 1983 cause of action, as Moving Defendants argue as well as appear to concede can be viable, as to conduct that occurred on or after March 27, 2021.  Although not mentioned by

1   either party, it appears what Moving Defendants argue or proffer that Plaintiff has conceded to,

2   without mentioning tolling or the specific doctrine in any of the briefing, is the continuous

3   accrual theory, which would only allow for recovery for incidents or damages occurring within

4   the limitations period, as independent causes of action with their own elements.  See Aryeh, 55

5   Cal. 4th at 1192 ("[U]nder the theory of continuous accrual, a series of wrongs or injuries may be

6   viewed as each triggering its own limitations period, such that a suit for relief may be partially

7   time-barred as to older events but timely as to those within the applicable limitations period."

8   (citation omitted)); Sidorov v. Transamerica Life Ins. Co., No. 2:17-CV-00002-KJM-DB, 2018

9   WL 4214913, at *6 (E.D. Cal. Sept. 5, 2018) ("Thus, [under the continuous accrual theory,] . . .

10  allegations related to Transamerica's later conduct in 2014, alleging breach of contract and

11  breach of the implied covenant of good faith and fair dealing, cannot revive his otherwise-barred

12  claims . . . to the extent those are based on Transamerica's alleged conduct in 2003 and 2007."

13  (citing Aryeh, 55 Cal. 4th at 1192)), aff'd, 832 F. App'x 479 (9th Cir. 2020).

14      Thus, the Court finds that the Moving Defendants' motion should be granted to the extent

15  that Plaintiff can only recover for incidents that occurred after March 27, 2021.  See Gilkyson v.

16  Disney Enterprises, Inc., 244 Cal. App. 4th 1336, 1341, 1343, 198 Cal. Rptr. 3d 611, 614, 616

17  (2016) ("[I]nsofar as the operative complaint alleges at least some such acts within the four years

18  preceding suit, the suit is not **entirely** time-barred.") (emphasis added); Aryeh, 55 Cal. 4th at

19  1199 ("When an obligation or liability arises on a recurring basis, a cause of action accrues each

20  time a wrongful act occurs, triggering a new limitations period." (quoting Hogar Dulce Hogar v.

21  Cmty. Dev. Comm'n, 110 Cal. App. 4th 1288, 1295, 2 Cal. Rptr. 3d 497, 502 (2003)) (citing

22  Pooshs v. Philip Morris USA, Inc., 51 Cal. 4th 788, 250 P.3d 181 (2011))).[10]

23      Given the lack of specific dates and factual allegations in paragraphs 8 and 9, and lack of

24

25  [10]  Given Moving Defendants do not challenge whether there are sufficient factual details to support the allegations
    during the later period and essentially concede those later allegations are not time-barred, the Court need not
26  consider for example whether the continuous accrual theory is sufficiently supported within the complaint.  See
    Belyea, 2021 WL 1338549, at *2 ("Further, while Barnes alleges that GreenSky's merchant and incentive fees are
27  unlawful . . . she does not allege that each monthly payment on her loan included these fees such that each payment
    'was a distinct breach[,]' [and] has therefore not plausibly alleged that the continuous accrual theory tolls her
28  claims." (quoting Aryeh, 55 Cal.4th at 1201, n.8)).

1    argument by the parties, the Court cannot determine whether other doctrines are potentially

2    applicable.  Plaintiff has not presented facts, nor argument to potentially explain how the

3    complaint could support, other theories such as the delayed discovery rule, doctrine of fraudulent

4    concealment, or the continuing violation doctrine (as opposed to or in conjunction with the

5    continuous accrual doctrine).  See Aryeh, 55 Cal. 4th at 1192; Doe v. Pasadena Hosp. Ass'n,

6    Ltd., No. 218CV08710ODWMAAX, 2020 WL 1244357, at *6 (C.D. Cal. Mar. 16, 2020)

7    ("[B]ecause Sutton misrepresented to Plaintiffs that his 'acts were for a legitimate medical

8    purpose and/or conformed to accepted medical practice,' their failure to discover was

9    reasonable.").  Nonetheless, consideration of the factual allegations, various tolling doctrines,

10   and lack of direct argument by the parties as to tolling, warrants leave to amend to potentially

11   assert and plead facts to support any additional theories of equitable tolling.

12       Ultimately, the issue may be better resolved at summary judgment, depending on the

13   amended complaint, and briefing that is targeted toward potential tolling doctrines.  See Holmes

14   v. Baughman, No. 220CV1496KJMDBP, 2022 WL 298773, at *2 (E.D. Cal. Feb. 1, 2022)

15   ("Plaintiff has made a plausible showing that he may be able to prove he is entitled to equitable

16   tolling of the statute of limitations . . . [b]ecause equitable tolling is a fact-specific question, it

17   must be resolved in a motion for summary judgment . . . [the] court will dismiss the motions to

18   dismiss without prejudice to their renewal as motions for summary judgment." (citing Cervantes,

19   5 F.3d at 1276)).

20       Despite the Plaintiff failing to make an appearance at the hearing,[11] leave to amend

21   should be granted as it is not clear to the Court that it is futile to plead facts that would allow for

22   other tolling doctrines to apply.  Accordingly, based on the above findings, the Court finds the

23   motion to dismiss should be granted as to allegations occurring on or before March 27, 2021, and

24   leave to amend is proper to allow Plaintiff the opportunity to plead additional specific facts to

25   support tolling, and to specifically assert any tolling doctrines.  See Fed. R. Civ. P. 15(a)(2)

26

---

27   [11]  Again, "[a]bsent notice of intent to submit the matter on the briefs, failure to appear may be deemed withdrawal
     of the motion or of opposition to the motion, in the discretion of the Court, or may result in the imposition of
28   sanctions."  L.R. 230(i).

("The court should freely give leave when justice so requires."); <u>Belyea</u>, 2021 WL 1338549, at *6 (the "claims are dismissed with leave to amend to the extent that Barnes has a good faith basis for alleging tolling consistent with this Order."); <u>Williams v. Kokor</u>, No. 1:15-CV-00861-RRB, 2015 WL 5646778, at *2 (E.D. Cal. Sept. 24, 2015) ("In amending Williams must affirmatively plead facts that, if proven, entitle him to equitable tolling.").

**V.**

**RECOMMENDATION AND ORDER**

For all of the above explained reasons, IT IS HEREBY RECOMMENDED that:

1.     Defendants City of Sanger and Sanger Police Department's motion to dismiss the second through seventh causes of action, be GRANTED with leave to amend; and

2.     Defendants City of Sanger and Sanger Police Department's motion to dismiss the first cause of action be GRANTED as to allegations occurring on or before March 27, 2021, with leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, the parties may file written objections to the findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    IT IS FURTHER ORDERED that:

2    1.    The Clerk of the Court is DIRECTED to randomly assign a District Judge to this

3          action; and

4    2.    The Clerk of the Court is DIRECTED to grant the request for issuance of

5          summons (ECF No. 10).

6

7    IT IS SO ORDERED.

8    Dated:   **August 9, 2023**

     UNITED STATES MAGISTRATE JUDGE