Jonathon Kaplan, Esq. – State Bar No. 150838
  kaplan@kaplanweiss.com
Yitz E. Weiss, Esq. – State Bar No. 244452
  weiss@kaplanweiss.com
KAPLAN WEISS LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 553-4550
Facsimile: (213) 553-4590

Attorneys for Plaintiff,
SALINA RUELAS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALINA RUELAS, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SANGER, a public entity; SANGER POLICE DEPARTMENT, a public entity; J. DESHWAWN TORRENCE, an individual; and DOES 1 through 15, inclusive,<br><br>　　　　　Defendant. | No. 1:23-cv-00742-SAB<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983)**<br><br>**DEMAND FOR TRIAL BY JURY** |

　　　　Plaintiff SALINA RUELAS alleges:

**JURISDICTION**

　　　1.　　This action was removed to the United States District Court by Defendants, City of Sanger and the Sanger Police Department, pursuant to 28 U.S.C. § 1441(a) based on this Court's original jurisdiction over plaintiff's claims under 28 U.S.C. § 1331, as the claims arise under the Constitution and laws of the United States, specifically, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

**VENUE**

　　　2.　　The conduct alleged herein occurred and the claims arose in the Eastern District.

1

# PARTIES

3. Plaintiff SALINA RUELAS ("RUELAS") is and was at all times mentioned in this complaint an individual woman residing in Fresno County, California and a citizen of the United States.

4. Defendant CITY OF SANGER is and was at all times mentioned in this complaint a public entity organized and existing under the laws of the State of California.

5. Defendant SANGER POLICE DEPARTMENT is and was at all times mentioned in this complaint a public entity organized and existing under the laws of the State of California. SANGER POLICE DEPARTMENT is a department of CITY OF SANGER for whom it provides official police services.

6. Defendant J. DESHAWN TORRENCE ("TORRENCE") is and was at all times mentioned in this complaint an individual and an employee and officer of CITY OF SANGER and SANGER POLICE DEPARTMENT. TORRENCE was acting within the course and scope of his employment, which was incidental to the enterprise of SANGER POLICE DEPARTMENT, and the wrongful acts alleged against him herein flow from the exercise of his authority. Plaintiff is informed and believes TORRENCE is a resident of Fresno County, California and a citizen of the United States. TORRENCE is sued herein in his individual and official capacities.

7. Plaintiff does not know the true names of defendants DOES 1 through 15, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes that each of those defendants was in some manner responsible for the events and happenings alleged in this complaint and for plaintiff's injuries and damages.

8. Defendants were the agents, employers, employees, partners, joint venturers, co-conspirators and/or alter egos of their co-defendants, and in doing the things hereinafter alleged, were acting within the course and scope of that relationship with the advance knowledge, acquiescence, aid, assistance, authorization and/or subsequent ratification of their co-defendants. Each defendant acted under the color of authority of the State of California, and each defendant jointly engaged in tortious activity, resulting in the deprivation of plaintiff's Constitutional rights and other injury, damage and harm to plaintiff.

# COUNT ONE

# VIOLATION OF FEDERAL CIVIL RIGHTS

# (42 U.S.C. § 1983)

# Against All Defendants

9. TORRENCE sexually assaulted multiple victims from in or before August 2017 to July 2021, while he was engaged or purporting to be engaged in his official duties as an officer of SANGER POLICE DEPARTMENT and CITY OF SANGER. During this time, TORRENCE, under color of law and with no legitimate law-enforcement purpose, made sexual demands upon and coerced multiple women to engage in nonconsensual sexual activities, including groping and fondling of intimate body parts and oral copulation. TORRENCE intentionally deprived each of these victims of their fundamental right to bodily integrity, which is secured and protected by the Constitution and laws of the United States, including by rights afforded under the Fourth Amendment to the United States Constitution to be secure against unreasonable searches, seizures and wrongful arrests and detention without probable cause and the Fourteenth Amendment to the United States Constitution guaranteeing due process and equal protection of law.

10. Frequently and on multiple occasions between September 2020 and May 2021, while he was engaged or purporting to be engaged in his official duties as an officer of SANGER POLICE DEPARTMENT and CITY OF SANGER, under color of law and with no legitimate law-enforcement purpose, defendant TORRENCE made sexual demands upon and sexually assaulted RUELAS, including by groping her breasts and body parts and forcing her to orally copulate his penis. RUELAS did not consent to these sexual demands and acts. TORRENCE coerced RUELAS by threatening her with, among other things, physical violence, adverse law-enforcement actions and loss of her children if she refused or reported him and promising favorable intervention in a child custody matter if she submitted. When RUELAS refused or resisted TORRENCE's sexual demands and assaults, TORRENCE retaliated. By engaging in these acts, TORRENCE intentionally deprived RUELAS of her fundamental right to bodily integrity, which is secured and protected by the Constitution and laws of the United States, including by rights afforded under the Fourth Amendment to the United States Constitution to be

secure against unreasonable searches, seizures and wrongful arrests and detention without probable cause, and the Fourteenth Amendment to the United States Constitution guaranteeing due process and equal protection of law.

11. Defendants CITY OF SANGER and SANGER POLICE DEPARTMENT failed to promptly investigate complaints of TORRENCE's misconduct, failed to properly discipline TORRENCE and others for this misconduct, allowed a policy of and/or a pattern and practice of sexual assault and unlawful discrimination, harassment and retaliation, and allowed TORRENCE's and other's misconduct to occur and continue by failing to investigate and discipline previous complaints of sexual assault and misconduct against other officers and against TORRENCE.

12. Defendants' acts described herein were closely related and constituted a continuing violation. Defendants' acts were taken pursuant to a policy and/or were part of a pattern and practice of repeated Constitutional violations, which includes systematic and widespread sexual misconduct, discrimination and harassment on the basis of sex, retaliation for resisting, opposing and/or reporting discrimination and harassment on the basis of sex, failing to investigate complaints of sexual misconduct by police officers acting under color of law, and failing to discipline errant officers. It was not apparent to RUELAS and she did not recognize that she was a victim of unlawful discrimination in violation of her civil rights until on or after May 2021.

13. As a result of defendants' conduct, acts, inactions, omissions, policies, customs and/or practices, plaintiff has suffered and will continue to suffer civil rights violations, bodily injury, humiliation, embarrassment, mental and emotional distress, anxiety and discomfort, has incurred and will continue to incur healthcare and medical expenses, has suffered property damage and loss, and has lost and will continue to lose pecuniary interests and benefits, including wages and employment opportunities, all to her damage in amounts to be proven at trial.

14. Defendants TORRENCE and DOES, acting and purporting to act in the performance of official duties and under color of law, intentionally violated plaintiff RUELAS' civil rights, including rights afforded under the Fourth Amendment to the United States

Constitution to be secure against unreasonable searches, seizures, and wrongful arrests and detention without probable cause and the Fourteenth Amendment to the United States Constitution guaranteeing due process and equal protection of law, Article I, Section 10 of the California Constitution to be secure against unreasonable searches, seizures, and detention without probable cause, and Article I, Section 7 of the California Constitution, guaranteeing due process and equal protection of law.

15. Defendants CITY OF SANGER, SANGER POLICE DEPARTMENT and DOES had and have an official longstanding, widespread, and well-settled policy, practice and/or custom of failing to properly investigate repeated Constitutional violations, including sexual misconduct by police officers including TORRENCE, failing to discipline, reprimand or punish the perpetrators of such Constitutional violations, and permitting and encouraging unlawful discrimination, harassment and retaliation.

16. This longstanding, widespread, and well-settled policy, practice and/or custom of the CITY OF SANGER and SANGER POLICE DEPARTMENT and others was so closely related to the deprivation of RUELAS' rights as to be the moving force that caused injury and allowed TORRENCE and others to commit and continue to commit the Constitutional violations herein alleged.

17. The conduct of TORRENCE was reckless, callously indifferent to the federally protected rights of plaintiff and/or motivated by an evil intent. TORRENCE intended to cause injury to RUELAS, engaged in despicable conduct with a willful and conscious disregard of the rights and safety of RUELAS, and engaged in despicable conduct that subjected RUELAS to cruel and unjust hardship in conscious disregard of her rights. The conduct of TORRENCE entitles RUELAS to punitive and exemplary damages under 42 U.S.C. section 1983 and other applicable law.

18. RUELAS has and will incur attorney fees and costs in the prosecution of this action. RUELAS is entitled to recover those attorney fees and costs under 42 U.S.C. section 1988, subdivision (b), Code of Civil Procedure section 1021.5, and other applicable law.

**PRAYER**

WHEREFORE, plaintiff SALINA RUELAS prays for judgment against defendants as follows:

1. For special damages, including but not limited to, economic damages, lost wages, lost property, medical and healthcare expenses, and attorney fees, in excess of $75,000 and according to proof against all defendants.

2. For general damages in excess of $75,000 and according to proof against all defendants.

3. For punitive and exemplary damages according to proof against defendant TORRENCE.

4. For attorney fees, according to proof, pursuant to 42 U.S.C. section 1988, Code of Civil Procedure section 1021.5, and/or any other applicable law against all defendants.

5. For a declaration that defendants' policies, practices and conduct alleged herein violate plaintiffs' rights under the United States and California Constitutions.

6. For orders restraining and enjoining defendants from engaging in the policies, practices and civil rights violations alleged herein.

7. For interest at the legal rate.

8. For costs of suit.

9. For any other and further relief that the Court deems proper.

Date: October 10, 2023     KAPLAN WEISS LLP

By: /s/ Yitz E. Weiss
Yitz E. Weiss, Esq.
Jonathon Kaplan, Esq.
Attorneys for Plaintiff,
SALINA RUELAS
E-mail:weiss@kaplanweiss.com

6

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Date: October 10, 2023                KAPLAN WEISS LLP

/s/ Yitz E. Weiss
By: _____
Yitz E. Weiss, Esq.
Jonathon Kaplan, Esq.
Attorneys for Plaintiff,
SALINA RUELAS
E-mail: weiss@kaplanweiss.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record shall be served by U.S. Mail, electronic mail, facsimile and/or overnight delivery.

/s/ Yitz E. Weiss
_____
Yitz E. Weiss, Esq.